# EXHIBIT A

**IN THE MISSOURI CIRCUIT COURT
FOR THE COUNTY OF ST. LOUIS
STATE OF MISSOURI**

| | |
|---|---|
| **THOMAS J. KLUTHO,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **SOUTHWEST AIRLINES CO.,** ) | |
| ) | |
| Serve Registered Agent: ) | |
| Prentice-Hall Corp. System ) | |
| 221 Bolivar Street ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## CLASS-ACTION PETITION

Plaintiff Thomas J. Klutho, brings this class action, on behalf of itself and all others similarly situated, against Defendant Southwest Airlines Co.

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is an individual who resides in St. Louis County, Missouri.

2. Defendant Southwest Airlines Co. ("Southwest") is a Texas corporation in good standing authorized to do business in the State of Missouri.

3. Personal jurisdiction is proper in Missouri because Defendant is a foreign corporation registered to do business in Missouri and doing substantial business in Missouri, and because Defendant committed torts in the State of Missouri which injured Plaintiff Thomas J. Klutho.

4. Venue is proper in this Court under Missouri Revised Statutes § 508.010.4, since Plaintiff was first injured in St. Louis County, Missouri.

5. Defendant is an airline which serves the United States and Missouri from the airport located in St. Louis County and from the Kansas City Airport, State of Missouri.

6. Defendant charges fees for its passengers who want favorable boarding or early boarding (within the "A" Group).

7. During March, 2019, Plaintiff booked 2 roundtrip flights (from St. Louis to San Diego and back) on Southwest, for himself and his companion, and paid a total of $100.00 for early boarding on four flights to and from San Diego.

8. Plaintiff's March 20th return flights to St. Louis Lambert Airport from San Diego was cancelled by Southwest Airline and Plaintiff had to rebook a different flight and did so.

9. However, when Plaintiff rebooked his flight, because Defendant had cancelled his return Defendant kept Plaintiff's $50.00 (1/2 of $100.00) early boarding fee but did not return the fee nor did it give Plaintiff credit for having paid the fee.

10. Plaintiff had to pay an additional $80.00 for early boarding on the new return flight for Plaintiff and his companion.

11. So Defendant received $50.00 (1/2 of $100.00) for early boarding on the return flight and when the return flight was cancelled and had to be rebooked, Defendant kept the $50.00 and did not credit Plaintiff and his companion with the money and Defendant required Plaintiff to pay an additional $80.00 for early boarding on the new rescheduled return flight.

12. When Plaintiff talked to a representative of Defendant about the early boarding fee issue, Defendant's representative stated it was Defendant's policy and practice to not give credit nor return the early boarding fee on cancelled flights.

13. Defendant has been unjustly enriched because Plaintiff paid Defendant $50.00 for early boarding and then had to again pay an additional $80.00 for early boarding giving Defendant an enrichment of $80.00 which was a second payment for a duplicate service or good which was already paid for.

14. Defendant's enrichment was at the expense of Plaintiff.

15. It would be unjust to allow Defendant to retain the benefit (the $80.00).

16. Defendant is also liable under the claim of Money Had and Received.

17. Plaintiff purchased goods or services (early boarding) from Defendant and Defendant received Plaintiff's money.

18. Defendant appreciated a benefit from Plaintiff.

19. Plaintiff unjustly and unlawfully paid and lost $80.00, the second payment to Defendant for early boarding on the return flight.

20. Defendant's acceptance and retention of the second payment would be unjust.

21. Because Defendant's representative stated that Defendant's policy and procedure was to retain the first payment and require a second payment when a flight is cancelled and rebooked, on information and belief, Defendant has been unjust enriched by many thousands of people for the last 5 years.

22. Plaintiff proposes that the class consist of all persons who purchased early boarding from Defendant, whose flight was cancelled, and who Defendant required to pay again for early boarding in the rebooked flight.

23. Plaintiff and the proposed class are entitled to damages of at least the return of the second fee required by Defendant for early boarding.

Electronically Filed - St Louis County - March 18, 2020 - 02:45 PM

24. Upon information and belief, there are so many members of the Class, and the class is so geographically diverse, that joinder of all members is impracticable.

25. Plaintiff's claims are typical of the class he seeks to represent.

26. Plaintiff and members of the proposed class were required to pay twice (when their flight was cancelled and they rebooked) for early boarding by and from Defendant.

27. Plaintiff's claims and the claims of the proposed class are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and members of the proposed class.

28. Questions of law and fact common to the Class include:

    a. Whether Defendant's policy and practice to require repayment of early boarding when the initial flight was cancelled resulted in unjust enrichment to Defendant;

    b. Whether Defendant's conduct results in unjust enrichment liability to Defendant; and,

    c. Whether Defendant's acceptance and retention of the second payment is unjust.

29. Plaintiff will fairly and adequately represent the proposed Class.

30. Plaintiff has retained counsel experienced in the prosecution of class actions.

31. Plaintiff is committed to vigorously prosecuting the claims presented in this complaint.

32. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the absent class members.

33. The questions of law and fact common to the members of the Class predominate over any questions of fact affecting any individual member of the Class.

34. A class action is superior to other methods for the fair and efficient adjudication of this controversy and is specifically authorized by §407.025 R.S.Mo.

35. Because the actual damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for the Class members to seek redress individually.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant as follows:

a. certify this action as a class action and appoint Plaintiff as Class representative;
b. appoint the undersigned counsel as Class counsel;
c. award actual damages of the second amount successively paid for early boarding for each plaintiff and member of the class and whatever damages are fair and reasonable;
d. award punitive damages of 5 times the actual damages awarded;
e. award reasonable attorney fees for bringing and prosecuting this action
f. award Plaintiff an incentive award for his efforts expended on behalf of the Class and other relevant factors;
g. award Plaintiff prejudgment interest and costs; and
h. grant Plaintiff all other relief deemed just and proper.
i.

                SCHULTZ & ASSOCIATES LLP

                By:  /s/ Robert Schultz
                     Robert Schultz, #35329
                     640 Cepi Drive, Suite A
                     Chesterfield, MO  63005
                     636-537-4645
                     Fax:  636-537-2599
                     reisenberg@sl-lawyers.com
                     rschultz@sl-lawyers.com

                     *Attorneys for Plaintiff*

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS AND ISSUES SO TRIABLE**

IN THE MISSOURI CIRCUIT COURT
FOR THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| THOMAS KLUTHO, ) | |
| ) | |
| Plaintiff, ) | Case No. 20SL-CC01694 |
| ) | |
| vs. ) | |
| ) | |
| SOUTHWEST AIRLINES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM TO CLERK**

Plaintiff's counsel respectfully requests the Court to issue the Summons in this matter.

SCHULTZ & ASSOCIATES LLP

By: /s/ Robert Schultz
Robert Schultz, #35329
640 Cepi Drive, Suite A
Chesterfield, MO  63005
636-537-4645
Fax:  636-537-2599
reisenberg@sl-lawyers.com
rschultz@sl-lawyers.com

*Attorneys for Plaintiff*

1



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number: 20SL-CC01694 |
|---|---|
| Plaintiff/Petitioner:<br>THOMAS J KLUTHO<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>EARL ROBERT SCHULTZ III<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO  63005 |
| Defendant/Respondent:<br> SOUTHWEST AIRLINES CO | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Contract-Other | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** SOUTHWEST AIRLINES CO
                            **Alias:**
**221 BOLIVAR STREET**                    SERVE PRENTICE-HALL CORP SYSTEM
**JEFFERSON CITY, MO  65101**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

    You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
    SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

**14-APR-2020**
Date                                                                         Clerk

**Further Information:**
TLC

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____           _____
   Printed Name of Sheriff or Server                     Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
                    Subscribed and sworn to before me on _____ (date).
     (Seal)
                    My commission expires: _____    _____
                                                    Date                         Notary Public

**Sheriff's Fees, if applicable**
Summons                              $_____
Non Est                              $_____
Sheriff's Deputy Salary
Supplemental Surcharge               $      10.00_____
Mileage                              $_____ (_____ miles @ $._____ per mile)
**Total**                            $_____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

(1) **Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

(2) **Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 20-SMCC-3219**     4     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>ELLEN HANNIGAN RIBAUDO | Case Number: 20SL-CC01694 | **RECEIVED**<br><br>APR 17 2020<br><br>COLE COUNTY<br>SHERIFF'S OFFICE |
|---|---|---|
| Plaintiff's/Petitioner:<br>THOMAS J KLUTHO<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>EARL ROBERT SCHULTZ III<br>640 CEPI DRIVE<br>SUITE A<br>CHESTERFIELD, MO 63005 | |
| Defendant/Respondent:<br>SOUTHWEST AIRLINES CO | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Contract-Other | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** SOUTHWEST AIRLINES CO
**Alias:**
221 BOLIVAR STREET      SERVE PRENTICE-HALL CORP SYSTEM
JEFFERSON CITY, MO 65101

**FILED**
**MAY 07 2020**
JOAN M. GILMER

**COURT SEAL OF**
**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

14-APR-2020
Date                                                                               Clerk

**Further Information:**
TLC

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

Prentice-Hall Corp, S.L. (name) designee (title).

☐ other _____.

Served at 350 E. High (address)
in Colo (County/City of St. Louis), MO, on 04-20-2020 (date) at 800 am (time).

Sheriff John P Wheeler   by   Sgt Ames Wray
Printed Name of Sheriff or Server              Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)
My commission expires: _____  _____
                                Date                              Notary Public



| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# Your Missouri Courts

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print        GrantedPublicAccess  Logoff CHRISMHOHN

**20SL-CC01694 - THOMAS J KLUTHO V SOUTHWEST AIRLINES CO (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  ○ Ascending     Display Options: All Entries

---

**05/07/2020** ☐ **Agent Served**
Document ID - 20-SMCC-3219; Served To - SOUTHWEST AIRLINES CO; Server - ; Served Date - 20-APR-20; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served

**04/14/2020** ☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-3219, for SOUTHWEST AIRLINES CO. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**04/13/2020** ☐ **Note to Clerk eFiling**
    **Filed By:** EARL ROBERT SCHULTZ III
☐ **Memorandum Filed**
Memo to Clerk to Issue Summons.
    **Filed By:** EARL ROBERT SCHULTZ III
    **On Behalf Of:** THOMAS J KLUTHO

**03/18/2020** ☐ **Filing Info Sheet eFiling**
    **Filed By:** EARL ROBERT SCHULTZ III
☐ **Pet Filed in Circuit Ct**
Class Action Petition.
    **On Behalf Of:** THOMAS J KLUTHO
☐ **Judge Assigned**
DIV 18

Case.net Version 5.14.0.17     Return to Top of Page     Released 11/25/2019