**IN THE MISSOURI CIRCUIT COURT**
**FOR THE COUNTY OF ST. LOUIS**
**STATE OF MISSOURI**

| | |
|---|---|
| THOMAS J. KLUTHO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) JURY TRIAL DEMANDED |
| SOUTHWEST AIRLINES CO., | ) |
| | ) |
| Serve Registered Agent: | ) |
| Prentice-Hall Corp. System | ) |
| 221 Bolivar Street | ) |
| Jefferson City, MO 65101 | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CLASS-ACTION PETITION

Plaintiff Thomas J. Klutho, brings this class action, on behalf of itself and all others similarly situated, against Defendant Southwest Airlines Co.

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an individual who resides in St. Louis County, Missouri.

2. Defendant Southwest Airlines Co. ("Southwest") is a Texas corporation in good standing authorized to do business in the State of Missouri.

3. Personal jurisdiction is proper in Missouri because Defendant is a foreign corporation registered to do business in Missouri and doing substantial business in Missouri, and because Defendant committed torts in the State of Missouri which injured Plaintiff Thomas J. Klutho.

4. Venue is proper in this Court under Missouri Revised Statutes § 508.010.4, since Plaintiff was first injured in St. Louis County, Missouri.

5. Defendant is an airline which serves the United States and Missouri from the airport located in St. Louis County and from the Kansas City Airport, State of Missouri.

6. Defendant charges fees for its passengers who want favorable boarding or early boarding (within the "A" Group).

7. During March, 2019, Plaintiff booked 2 roundtrip flights (from St. Louis to San Diego and back) on Southwest, for himself and his companion, and paid a total of $100.00 for early boarding on four flights to and from San Diego.

8. Plaintiff's March 20th return flights to St. Louis Lambert Airport from San Diego was cancelled by Southwest Airline and Plaintiff had to rebook a different flight and did so.

9. However, when Plaintiff rebooked his flight, because Defendant had cancelled his return Defendant kept Plaintiff's $50.00 (1/2 of $100.00) early boarding fee but did not return the fee nor did it give Plaintiff credit for having paid the fee.

10. Plaintiff had to pay an additional $80.00 for early boarding on the new return flight for Plaintiff and his companion.

11. So Defendant received $50.00 (1/2 of $100.00) for early boarding on the return flight and when the return flight was cancelled and had to be rebooked, Defendant kept the $50.00 and did not credit Plaintiff and his companion with the money and Defendant required Plaintiff to pay an additional $80.00 for early boarding on the new rescheduled return flight.

12. When Plaintiff talked to a representative of Defendant about the early boarding fee issue, Defendant's representative stated it was Defendant's policy and practice to not give credit nor return the early boarding fee on cancelled flights.

13. Defendant has been unjustly enriched because Plaintiff paid Defendant $50.00 for early boarding and then had to again pay an additional $80.00 for early boarding giving Defendant an enrichment of $80.00 which was a second payment for a duplicate service or good which was already paid for.

14. Defendant's enrichment was at the expense of Plaintiff.

15. It would be unjust to allow Defendant to retain the benefit (the $80.00).

16. Defendant is also liable under the claim of Money Had and Received.

17. Plaintiff purchased goods or services (early boarding) from Defendant and Defendant received Plaintiff's money.

18. Defendant appreciated a benefit from Plaintiff.

19. Plaintiff unjustly and unlawfully paid and lost $80.00, the second payment to Defendant for early boarding on the return flight.

20. Defendant's acceptance and retention of the second payment would be unjust.

21. Because Defendant's representative stated that Defendant's policy and procedure was to retain the first payment and require a second payment when a flight is cancelled and rebooked, on information and belief, Defendant has been unjust enriched by many thousands of people for the last 5 years.

22. Plaintiff proposes that the class consist of all persons who purchased early boarding from Defendant, whose flight was cancelled, and who Defendant required to pay again for early boarding in the rebooked flight.

23. Plaintiff and the proposed class are entitled to damages of at least the return of the second fee required by Defendant for early boarding.

24. Upon information and belief, there are so many members of the Class, and the class is so geographically diverse, that joinder of all members is impracticable.

25. Plaintiff's claims are typical of the class he seeks to represent.

26. Plaintiff and members of the proposed class were required to pay twice (when their flight was cancelled and they rebooked) for early boarding by and from Defendant.

27. Plaintiff's claims and the claims of the proposed class are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and members of the proposed class.

28. Questions of law and fact common to the Class include:

   a. Whether Defendant's policy and practice to require repayment of early boarding when the initial flight was cancelled resulted in unjust enrichment to Defendant;

   b. Whether Defendant's conduct results in unjust enrichment liability to Defendant; and,

   c. Whether Defendant's acceptance and retention of the second payment is unjust.

29. Plaintiff will fairly and adequately represent the proposed Class.

30. Plaintiff has retained counsel experienced in the prosecution of class actions.

31. Plaintiff is committed to vigorously prosecuting the claims presented in this complaint.

32. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the absent class members.

33. The questions of law and fact common to the members of the Class predominate over any questions of fact affecting any individual member of the Class.

34. A class action is superior to other methods for the fair and efficient adjudication of this controversy and is specifically authorized by §407.025 R.S.Mo.

35. Because the actual damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for the Class members to seek redress individually.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant as follows:

a. certify this action as a class action and appoint Plaintiff as Class representative;
b. appoint the undersigned counsel as Class counsel;
c. award actual damages of the second amount successively paid for early boarding for each plaintiff and member of the class and whatever damages are fair and reasonable;
d. award punitive damages of 5 times the actual damages awarded;
e. award reasonable attorney fees for bringing and prosecuting this action
f. award Plaintiff an incentive award for his efforts expended on behalf of the Class and other relevant factors;
g. award Plaintiff prejudgment interest and costs; and
h. grant Plaintiff all other relief deemed just and proper.
i.

                              SCHULTZ & ASSOCIATES LLP

                By:  /s/ Robert Schultz
                     Robert Schultz, #35329
                     640 Cepi Drive, Suite A
                     Chesterfield, MO  63005
                     636-537-4645
                     Fax:  636-537-2599
                     reisenberg@sl-lawyers.com
                     rschultz@sl-lawyers.com

                     *Attorneys for Plaintiff*

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS AND ISSUES SO TRIABLE**