**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI EASTERN DIVISION**

| | |
|---|---|
| THOMAS J. KLUTHO, | ) |
| | ) |
| Plaintiff, | ) Case No. 4:20-CV-00672 |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| SOUTHWEST AIRLINES CO., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## FIRST AMENDED CLASS-ACTION COMPLAINT

Plaintiff Thomas J. Klutho, brings this class action, on behalf of himself and all others similarly situated, against Defendant Southwest Airlines Co.

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an individual who resides in St. Louis County, Missouri.

2. Defendant Southwest Airlines Co. ("Southwest") is a Texas corporation in good standing authorized to do business in the State of Missouri.

3. Personal jurisdiction is proper in Missouri and before this District Court because Defendant is a foreign corporation registered to do business in Missouri and doing substantial business in Missouri, because Defendant made and breached contracts in the State of Missouri which injured Plaintiff Thomas J. Klutho, and because Defendant removed this case from the Circuit Court of St. Louis County where the case was properly sited.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1441(a) because this forum embraces the Circuit Court of the County of St. Louis, Missouri, the place where this action was properly filed and the forum from which this case was removed. 28 U.S.C. § 105(a)(1).

1

5. Defendant is an airline which serves the United States and Missouri from the airport located in St. Louis County and from the Kansas City Airport, State of Missouri.

6. Defendant charges fees for its passengers who want favorable boarding or early boarding.

7. During March, 2019, Plaintiff booked 2 roundtrip flights (from St. Louis to San Diego and back) on Southwest, for himself and his companion, and paid a total of $100.00 for early boarding on four flights to and from San Diego.

8. Plaintiff's March 20th return flights to St. Louis Lambert Airport from San Diego was cancelled by Southwest Airline and Plaintiff had to rebook a different flight and did so.

9. However, when Plaintiff rebooked his flight, because Defendant had cancelled his return Defendant kept Plaintiff's $50.00 (1/2 of $100.00) early boarding fee but did not return the fee nor did it give Plaintiff credit for having paid the fee.

10. Plaintiff had to pay an additional $80.00 for early boarding on the new return flight for Plaintiff and his companion.

11. So Defendant received $50.00 (1/2 of $100.00) for early boarding on the return flight, and when the return flight was cancelled and had to be rebooked, Defendant kept the $50.00 and did not credit Plaintiff and his companion with the earlier payment, and Defendant required Plaintiff to pay an additional $80.00 for early boarding on the new rescheduled return flight.

12. After Plaintiff's flight was cancelled, when Plaintiff talked to a representative of Defendant about the early boarding fee issue, Defendant's representative stated it was Defendant's policy and practice to not give credit nor return the early boarding fee on cancelled flights.

13. Plaintiff and Defendant agreed to a common law contract when Plaintiff purchased two early boardings.

14. Plaintiff satisfied all conditions and his obligations when Plaintiff paid $50.00 for the two early boardings.

15. Defendant breached its contract with Plaintiff, when Defendant was fully paid for the early boardings but did not provide the early boardings to Plaintiff (and his companion).

16. Defendant's breach of contract directly and foreseeably and proximately damaged Plaintiff by a total of $80.00 as Plaintiff paid Defendant $50.00 for early boarding and then had to again pay an additional $80.00 for early boarding giving Defendant an extra $80.00 which was a second payment for a duplicate service or good which was already paid for.

17. A true and accurate copy of Defendant's 2020 Contract For Carriage is attached to this complaint and is incorporated by reference.

18. Defendant's 2020 Contract For Carriage does not mention the early boarding fee at issue in this case.

19. Because Defendant's representative stated that Defendant's policy and procedure was to retain the first payment and require a second payment when a flight is cancelled, changed, or rebooked, on information and belief, Defendant has breached many similar contract with other travelers and kept payment without providing the promised service.

20. Plaintiff proposes that the class consist of all persons who purchased early boarding from Defendant, whose flight was cancelled or rebooked or changed, and who Defendant required to pay again for early boarding in the new flight or who Defendant refused to credit or refund the amount paid for unused early boarding.

21. Plaintiff and the proposed class are entitled to damages of at least the return of the first or second fee required by Defendant for early boarding.

22. Upon information and belief, there are so many members of the Class, and the class is so geographically diverse, that joinder of all members is impracticable.

23. Plaintiff's claims are typical of the class he seeks to represent.

24. Plaintiff and members of the proposed class were required to pay twice (when their flight was cancelled, changed and rebooked) for early boarding by and from Defendant.

25. Plaintiff's claims and the claims of the proposed class are based on the same legal theories and arise from the same unlawful conduct, resulting in the same injury to Plaintiff and members of the proposed class.

26. Questions of law and fact common to the Class include:

   a. Whether Defendant's policy and practice to require a second payment of early boarding when the initial flight was cancelled, changed, or rebooked constitutes a breach of contract by Defendant; and,

   b. Whether Defendant's policy and practice to not credit or refund a payment of early boarding which was not used constitutes a breach of contract by Defendant; and,

   c. What is the measure of damages for Defendant's breaches of contract; and,

   d. Whether the measure of damages for Defendant's breaches of contract is the return or refund of the first fee or the return or refund of the second fee for the same services.

27. Plaintiff will fairly and adequately represent the proposed Class.

28. Plaintiff has retained counsel experienced in the prosecution of class actions.

29. Plaintiff is committed to vigorously prosecuting the claims presented in this complaint.

30. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the absent class members.

31. The questions of law and fact common to the members of the Class predominate over any questions of fact affecting any individual member of the Class.

32. A class action is superior to other methods for the fair and efficient adjudication of this controversy and is specifically authorized by §407.025 R.S.Mo.

33. Because the actual damages suffered by the individual class members may be relatively small compared to the expense and burden of litigation, it is impracticable and economically infeasible for the Class members to seek redress individually.

34. All conditions precedent to Plaintiff and the class prevailing on this claim have been satisfied.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant as follows:

a. certify this action as a class action and appoint Plaintiff as Class representative;
b. appoint the undersigned counsel as Class counsel;
c. award actual damages consisting of a refund of the first or second amount successively paid for early boarding for each plaintiff and member of the class and whatever damages are fair and reasonable;
d. award reasonable attorney fees for bringing and prosecuting this action
e. award Plaintiff an incentive award for his efforts expended on behalf of the Class and other relevant factors;
f. award Plaintiff prejudgment interest and taxable costs; and
g. grant Plaintiff all other relief deemed just and proper.

    SCHULTZ & ASSOCIATES LLP

By: /s/ Robert Schultz
Robert Schultz, #35329
640 Cepi Drive, Suite A
Chesterfield, MO  63005
636-537-4645
Fax:  636-537-2599
rschultz@sl-lawyers.com
*Attorneys for Plaintiff*

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL CLAIMS AND ISSUES SO TRIABLE**