UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS J. KLUTHO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-CV-00672 JAR |
| | ) |
| SOUTHWEST AIRLINES CO., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff brings this putative class action against Defendant Southwest Airlines Co. ("Southwest") for breach of contract on behalf of all persons who purchased "EarlyBird Check-In" from Southwest; whose flight was cancelled, rebooked or changed; and who were then required to repurchase "EarlyBird Check-In" for the new flight or denied a credit or refund. This matter is before the Court on Defendant Southwest Airlines Co. ("Southwest")'s Motion to Dismiss. (Doc. No. 20). The motion is fully briefed and ready for disposition.

**Background[1]**

In March, 2019, Plaintiff booked two roundtrip flights from St. Louis to San Diego on Southwest for himself and a companion, and paid a total of $100.00 for EarlyBird Check-In, i.e., $25.00 per person per flight. (AC at ¶ 7). When his return flights to St. Louis from San Diego were cancelled by Southwest, Plaintiff rebooked on a different Southwest flight. (Id. at ¶ 8).

---

[1] The facts are taken from Plaintiff's First Amended Class Action Complaint ("AC"), Doc. No. 16, which the Court accepts as true for purposes of Southwest's motion to dismiss.

1

Southwest did not refund Plaintiff the $50.00 he paid for EarlyBird Check-In on the cancelled flight. (Id. at ¶ 9). As a result, Plaintiff was required to pay an additional $80.00 for early boarding on the rescheduled return flight for himself and his companion. (Id. at ¶ 10). Plaintiff was told by a Southwest representative that it was Southwest's policy and practice not to refund early boarding fees on cancelled flights. (Id. at ¶¶ 12, 19).

Plaintiff alleges that he and Southwest "agreed to a common law contract" when he purchased early check-in; that he satisfied all conditions and obligations by paying $50.00 for two early check-ins; and that Southwest breached its contract with Plaintiff when it failed to provide early check-in to Plaintiff and his companion. (Id. at ¶¶ 13-15). Plaintiff seeks a refund of the fee he paid Southwest for early boarding. (Id. at ¶ 21). The Amended Complaint attaches Southwest's Contract of Carriage ("COC") (Doc. No. 16-1), but identifies no breach of the COC by Southwest. Indeed, Plaintiff alleges the COC "does not mention the early boarding fee at issue in this case." (AC at ¶ 18).

Southwest moves to dismiss Plaintiff's breach of contract claim as preempted under the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C.A. § 41713, which preempts state law claims "related to a price, route, or service of an air carrier." In addition, Southwest argues that Plaintiff has not identified any contract provision – either in the COC or the alleged "common law contract" – requiring Southwest to provide a transfer or refund of his early boarding fees in the event his flight was cancelled.

**Legal standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. To survive a Rule 12(b)(6) motion, the

2

operative complaint must allege facts sufficient to state a facially plausible claim to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). When determining whether the complaint states a plausible claim, a district court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. Blankenship v. USA Truck, Inc., 601 F.3d 852, 853 (8th Cir. 2010). The factual allegations need not be detailed, but they must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

**Discussion**

Congress enacted the Airline Deregulation Act (ADA) to "ensure that the States would not undo federal deregulation with regulation of their own." Morales v. Trans World Airlines, Inc., 504 U.S. 374, 378 (1992). To achieve that purpose, the ADA includes a preemption clause that prohibits states from enacting or enforcing any law, regulation, or other provision relating to a "price, route, or service of an air carrier." 49 U.S.C. § 41713(b)(1) (previously codified at 49 U.S.C. § 1305(a)(1)).

In Am. Airlines, Inc. v. Wolens, 513 U.S. 219 (1995), the Supreme Court carved out a limited exception to ADA preemption for "suits alleging no violation of state-imposed obligations, but seeking recovery solely for the airline's alleged breach of its own, self-imposed undertakings." Id. at 228. Wolens involved a challenge to American Airlines' modifications of its frequent flyer program. The Supreme Court held that the ADA preempted claims based on the Illinois Consumer Fraud and Deceptive Business Practices Act, but allowed a breach of contract claim to proceed because American had expressly made certain representations regarding its program that plaintiffs claimed were being breached. As such, the Court drew a distinction

3

between self-imposed and state-imposed obligations, finding that claims relating to the self-imposed obligations were not preempted by the ADA because "terms and conditions airlines offer and passengers accept are privately ordered obligations." Id. at 232-33. Thus, "relief to a party who claims and proves that an airline dishonored a term the airline itself stipulated" is not precluded by the ADA. Id. See also Onoh v. Nw. Airlines, Inc., 613 F.3d 596, 600 (5th Cir. 2010) ("[A]n otherwise preempted claim may remain viable under the ADA if it falls within the two-prongs of the Wolens exception: 1) the claim alleged only concerns a self-imposed obligation; and 2) no enlargement or enhancement of the contract occurs based on state laws or policies external to the agreement.").

In support of its motion, Southwest argues that because Plaintiff's breach of contract claim relates to "price" and/or service," specifically the price charged by Southwest for the service of early or priority boarding on its flights, see Fernald v. S.W. Airlines, Co., No. 11CV0453 AJB (POR), 2011 WL 13254382, at *4 (S.D. Cal. Sept. 28, 2011), it is preempted by the ADA. Southwest further argues that Plaintiff's claim does not qualify for an exception under Wolens because he does not identify how any express agreement separate from the COC was formed, or what the terms of this other agreement were. (Doc. No. 20 at 9). According to Southwest, Plaintiff is seeking to expand upon the terms necessary for any implied agreement for the purchase of early boarding by implying and enforcing terms regarding transferability of services and entitlement to a refund of fees upon flight cancellation – terms which are not found in Southwest's COC and are in fact contrary to Southwest's policy. (Doc. No. 24 at 5).

4

Plaintiff responds that common law breach of contract claims, despite being based on state law, are not preempted by the ADA, and that he has properly pled the elements of a contract based upon offer and acceptance, i.e., Southwest offered early boarding for a fee (AC at ¶ 6), which Plaintiff accepted by paying the fee (id. at ¶ 7). This, Plaintiff asserts, created a unilateral contract, which Southwest breached when it failed to provide the early boarding Plaintiff paid for. (Id. at ¶ 9). Plaintiff argues that because Southwest's no-refund policy was not disclosed to him until after Southwest breached its unilateral contract obligation (id. at ¶ 12), it has no relevance to his claim. Plaintiff likewise contends that because Southwest's COC does not reference early boarding, it too is irrelevant to his claim.

Wolens controls as to Plaintiff's breach of contract claim. If he has adequately pleaded breach of a contract provision that Southwest voluntarily entered into, his claim is not preempted. Hickcox-Huffman v. US Airways, Inc., 855 F.3d 1057, 1062 (9th Cir. 2017). Again, the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief. Thus, unlike a motion for summary judgment, it is not a procedure for determining the merits of the claim.

Here, Plaintiff contends that a unilateral contract arose through Southwest's offer of early boarding for a fee and his acceptance of that service by paying Southwest's fee. See Boswell v. Panera Bread Co., No. 4:14-CV-01833-AGF, 2016 WL 1161573, at *10 (E.D. Mo. Mar. 24, 2016), aff'd, 879 F.3d 296 (8th Cir. 2018) ("An offer to make a unilateral contract is accepted when the requested performance is rendered."). According to Plaintiff, Southwest breached the alleged contract when it failed to provide the contracted for early boarding. Id. ("[W]hen the promisee performs, consideration is supplied, and the contract is enforceable to the extent

5

performed."). Plaintiff seeks the return of the fee he paid for early boarding as restitution damages, because Southwest did not do what it promised to do and yet has kept his money.

Southwest argues that because it does not expressly promise a refund of its EarlyBird Check-In fee in the event of flight cancellation, here is no breach of contract and no obligation to refund. However, as explained by the Ninth Circuit in Hickcox-Huffman,

> [A] contract may be enforceable even if it does not specify a remedy for a breach. Ordinarily common law provides a range of remedies for breach, except where some remedies are contractually limited or excluded. Refunds are among the remedies traditionally recognized as among those which may be granted as justice requires. The final interest capable of being protected following a breach of contract, the restitution interest, seeks to compensate the plaintiff for the reasonable value of any benefit it conferred on the defendant pursuant to the parties' contract. Here, this remedy requires disgorging the benefit to [defendant] of the [monies] … it received in exchange for its promise of timely delivery. Though restitution may be sought as an equitable remedy where there is no enforceable contract, it is also an available remedy where there is an enforceable contract that has been breached by non-performance.

855 F.3d at 1064-65 (internal quotation marks omitted). Thus, the Court finds that Plaintiff has alleged offer, acceptance, consideration, breach, and damages, which are sufficient facts for the claim to fit within the Wolens exception to ADA preemption. See id. at 1064.

Plaintiff's factual allegations are distinguishable from those in Schultz v. United Airlines, Inc., 797 F. Supp. 2d 1103 (W.D. Wash. 2011), a case relied upon by Southwest. In Schultz, the plaintiff sued for a refund of a baggage fee charged by United, and alleged that a breach of contract resulted from its delay in transporting his baggage. The court dismissed the claim, finding that any liability resulting from damage or delay to baggage was expressly governed by United's Conditions of Carriage. As such, the plaintiff had not sued to enforce the terms of a contract, but rather sought to enhance his agreement by seeking a refund of the baggage fee

6

based on the external laws of the state. Id. at 1106. Here, as acknowledged by Southwest itself, its COC does not even address early boarding fees.

**Conclusion**

The only issue before this Court at the motion to dismiss stage is whether Plaintiff has alleged enough facts "to raise a right to relief above the speculative level ..." Twombly, 550 U.S. at 555. For the reasons set out above, the Court finds the facts alleged in Plaintiff's complaint state a facially plausible claim for breach of contract so as to fit within the Wolens exception to ADA preemption. Should the factual record develop to the point where a motion for summary judgment on the same theory is appropriate, the Court will consider it at that time.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Southwest Airlines Co.'s Motion to Dismiss [20] is **DENIED.**

**IT IS FURTHER ORDERED** that within fourteen days from the date of this order, and **no later than Friday, November 27, 2020**, Defendant shall file an answer to Plaintiff's First Amended Class Action Complaint.

Dated this 13th day of November, 2020.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**

8